STATE OF LOUISIANA      *      NO. 2023-K-0723

VERSUS      *

DWAYNE DAVIS      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 999-2839, DIVISION "A"
Honorable William M. McGoey, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Dale N. Atkins, Judge Rachael D. Johnson)

Dwayne Davis
St. Bernard Parish Jail
1900 Paris Road
Chalmette, LA 70043

PRO SE DEFENDANT/RELATOR

**WRIT GRANTED**
**December 22, 2023**

RDJ
PAB
DNA

In this criminal case, Relator Dwayne Davis ("Relator") was arrested on August 21, 2023, in St. Bernard Parish for the rape of a juvenile and issuing a worthless check. Relator alleges that he has yet to be formally charged by the State for these alleged crimes because Division "A" of the St. Bernard Parish has been "dragging its feet." As a result, Relator filed a motion to quash and a motion for speedy trial with this Court. After reviewing the Relator's writ application, we grant the Relator's writ.

According to La. C.Cr.P. art. 701(B)(1) and La. C.Cr.P. art. 701(B)(2), in pertinent part:

> B. The time period for filing a bill of information or indictment after arrest shall be as follows:
>
> . . .
>
> (1)(b) When the defendant is continued in custody subsequent to an arrest, an indictment shall be filed within one hundred twenty days of the arrest if the defendant is being held for a felony for which the punishment may be death or life imprisonment.
>
> . . .
>
> (2)(b) Failure to institute prosecution as provided in Subparagraph (1) of this Paragraph shall result in release of the defendant if, after contradictory hearing with the district attorney, just cause for the failure is not shown. If just cause is shown, the court shall reconsider bail for the defendant. Failure to institute prosecution as provided in this Subparagraph shall result in the release

1

of the bail obligation if, after contradictory hearing with the district attorney, just cause for the delay is not shown.

Pursuant to La. C.Cr.P. art. 701B(1)(b) and La. C.Cr.P. art. 701B(2)(b), if the Relator is not formally charged within one hundred and twenty days of his arrest, and just cause for failing to formally charge the Relator is not shown, then the Relator is to be released. In *State v. Jones,* the Defendant filed a written motion for release as to eight of his charges pursuant to La. C.Cr.P. art. 701. *State v. Jones*, 2022-01358 (La. 11/8/22), 349 So.3d 975, 976. The Court found that the State was untimely in instituting their prosecution by bill of information for these charges, so it ordered the Defendant to be released of the eight charges and he was subsequently relieved of the bond obligations related to those charges.

Currently, the details of whether the Relator has been formally charged and whether the motion for speedy trial is applicable in this case are unclear. The Relator was set to have a hearing on November 28, 2023. It is also unclear whether the Relator was charged on November 28, 2023. Accordingly, we are granting the Relator's writ application and ordering the district court to set a hearing to address the issues raised in this writ application.

**WRIT GRANTED**